# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

FRANK MARTINES LAWRENCE,                                                              PLAINTIFF
#07934-20

V.                                         4:21CV00103-BRW-JTK

BERTHA LOWE, et al.                                                                   DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or

other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>    Clerk, United States District Court
>    Eastern District of Arkansas
>    600 West Capitol Avenue, Suite A149
>    Little Rock, AR 72201-3325

## DISPOSITION

### I.   Introduction

Plaintiff Frank Lawrence is an inmate incarcerated at the Pulaski County Detention Facility (Jail), who filed this pro se 42 U.S.C. § 1983 action alleging improper conditions of confinement. (Doc. No. 2) This Court granted Plaintiff's Motion to Proceed in forma pauperis on February 10, 2021, and directed him to submit an Amended Complaint, noting he failed to include specific facts/allegations with respect to Defendants' involvement in creating or deliberately disregarding unconstitutional conditions. (Doc. No. 4) Plaintiff has now submitted an Amended Complaint. (Doc. No. 5)

Having reviewed Plaintiff's Amended Complaint, the Court finds it should be dismissed for failure to state a claim upon which relief may be granted.

### II.  Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

### III. Facts and Analysis

In his Original Complaint, Plaintiff named three individuals as Defendants and claimed he is classified as disabled under the Americans with Disabilities Act (ADA) guidelines. (Doc. No.

2, p. 4) He stated Defendant Middleton directed him on July 27, 2020, to use the shower in the quarantine unit which lacked handicapped accommodations.(Id.) Upon exiting the shower, Plaintiff slipped and fell on a slick floor, which caused injuries to his head, hip, knee, leg, foot and ankle. (Id.) He was treated for his injuries at a local hospital. (Id.) .He claimed the three Defendants willfully failed to provide him with safe federally-mandated accommodations, and that their willful neglect contributed to his injuries. (Id.) In the February 10, 2021 Order, the Court directed Plaintiff to submit an Amended Complaint, which would render his Original Complaint without legal effect, and which should: "**1) name all the parties he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner; 3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) state how he was harmed; and 5) state if he is incarcerated as a pretrial detainee. Plaintiff must set forth specific facts concerning the allegations he has set forth including, where applicable, dates, times and places.**" (Doc. No. 4, p. 4)

In his Amended Complaint, Plaintiff named only Officer Middleton as a Defendant. (Doc. No. 5) He alleged that on July 27, 2020, he asked Middleton to unlock the handicapped shower stall but Defendant stated the shower was locked because it was broken. (Id., p. 4) Middleton then instructed Plaintiff to use the non handicapped shower which lacked accommodations. (Id.) Plaintiff claimed Middleton deliberately disregarded the unconstitutional conditions of the shower (no hand rails), and because of his injuries, Plaintiff now must use a wheelchair, crutches and walker..

Initially, the Court notes that Plaintiff's allegations against Defendant Middleton in his

4

official capacity should be dismissed. A suit against a county official in his or her official capacity is the equivalent of a suit against the county itself. Liebe v. Norton, 157 F.3d 574, 578-9 (8th Cir. 1998). In order for a county to be held liable for the unconstitutional acts of its officials, Plaintiff must allege and prove that a written county policy or pattern of widespread unconstitutional conduct was the moving force behind the unconstitutional actions. Jane Doe A v. Special School District of St. Louis County, 901 F.2d 642, 646 (8th Cir. 1990). In addition, Defendant cannot be liable for money damages in his official capacity because Plaintiff did not allege a valid claim against the employer, Pulaski County. Johnson v. Blaukat, 453 F.3d 1008, 1114, (8th Cir. 2006).

Plaintiff's claims against Defendant in his individual capacity also should be dismissed. Plaintiff stated he is incarcerated as a pretrial detainee (Doc. No. 5, p. 3); therefore, the Court will analyze his claims as those pursued by a pretrial detainee, under the Fourteenth Amendment's Due Process clause. See Graham v. Connor, 490 U.S. 386, 393 n. 6 (1989); Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). In Bell, the court held that pretrial detainees are protected under the Due Process Clause from conditions of confinement that amount to punishment. 441 U.S. at 535. Conditions are considered punitive if they were intentional, were not reasonably related to a legitimate governmental purpose, or were excessive in relation to that purpose, and mere negligence is insufficient to support such a claim. Stearns v. Inmate Services Corp., 957 F.3d 902, 907 (8th Cir. 2020).

Plaintiff did not describe his disability, did not allege that he asked Middleton for assistance, and did not allege Middleton intentionally placed him in danger of harm. Absent such facts, Plaintiff fails to state a claim for anything more than negligence.

To the extent that Plaintiff's Complaint is construed as asserting an ADA claim, the Court finds it should be dismissed. Plaintiff cannot bring an ADA claim against an individual in his individual capacity, because Title II of the ADA applies to discrimination by a public entity. 42 U.S.C. § 12131(1)(A,B). And, an ADA claim against Defendant Middleton in his official capacity must fail, because Plaintiff did not allege that Middleton played a role in the Jail's failure to provide Plaintiff with handicap accommodations. See Richards v. Dayton, No. 13-3029 (JRT/JSM), 2015 WL 1522199 *36 (D.Minn.2015).

### IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaints against Defendants be DISMISSED without prejudice, for failure to state a claim upon which relief may be granted.

2. This dismissal constitute a "strike" within the meaning of the PLRA.[1]

3. The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 26th day of February, 2021.

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.